# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. SLADE ALLEN SMITH, Defendant. | Case No. CR13-3004<br><br>ORDER FOR PRETRIAL DETENTION |

On the 6th day of February, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney John H. Lammers. The Defendant appeared personally and was represented by his attorney, Michael Lanigan.

## I. RELEVANT FACTS AND PROCEEDINGS

On January 24, 2013, Defendant Slade Allen Smith was charged by Indictment (docket number 1) with conspiracy to distribute methamphetamine. At the arraignment on February 1, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on April 1, 2013.

At the hearing, Cerro Gordo County Deputy Sheriff Frank J. Hodak testified regarding the circumstances underlying the instant charges.[1] In September 2011, following a search warrant executed at his residence, Defendant started working for the Task Force as a cooperating individual. At that time, Defendant admitted supplying methamphetamine in the Mason City area. Defendant also acted as a confidential informant ("CI") and purchased methamphetamine in controlled drug transactions. Hodak testified that Defendant "fell off the map" as a cooperator, and started dealing methamphetamine again.

---
[1] Hodak is currently assigned to the North Central Iowa Narcotics Task Force.

1

On October 15, 2012, law enforcement executed a second search warrant at Defendant's residence. Law enforcement found methamphetamine during the search. Defendant was interviewed by law enforcement and admitted selling methamphetamine. Prior to the search warrant, Defendant was involved in a controlled drug transaction. A CI met with an individual to purchase methamphetamine. The seller told the CI that he had to wait for his supplier, Defendant arrived and provided the seller with methamphetamine, which the seller sold to the CI.

Additionally, Deputy Hodak testified that on multiple occasions, individuals leaving Defendant's residence were stopped and found with methamphetamine. When he was arrested, Defendant again admitted to using and selling methamphetamine.

According to the pretrial service report, Defendant is 39 years old. He was born in Council Bluffs, Iowa, and has lived most of his life in Iowa. Approximately two years ago, he moved to Mason City, Iowa, and has lived with his mother during that time period. If released, he would return to his mother's residence. Defendant has never been married, but he has three children from three separate relationships. His youngest child lives with her mother in Marshalltown, Iowa, and his other children are over the age of 18 and live in Missouri and Florida.

Defendant told the pretrial services officer that he has been employed as a scrap metal collector for the past two years. Except for two abscessed teeth, Defendant is in good physical health. He also stated that he was treated for depression for 13 years, but has not sought treatment for the past 3 years. Defendant reported no history of alcohol abuse. He also stated that for most of his adult life, he has smoked marijuana several times per week and used methamphetamine on a daily basis.

Defendant has an extensive criminal record. In 1992, at age 18, Defendant was charged and later convicted of criminal mischief and theft. On August 8, 1993, Defendant was charged and later convicted of assault with intent to inflict serious injury. He failed to appear for court proceedings on multiple occasions. On August 13, 1993, while the assault charge was pending, Defendant was charged in separate cases with third degree

criminal mischief and assault causing bodily injury. He failed to appear for court proceedings on multiple occasions in both of those cases. The assault charge was ultimately dismissed. He was sentenced on the August 8 assault charge and the August 13 criminal mischief charge on the same date. On both charges, Defendant was given a 2 year suspended prison sentence, 2 years probation, and 2 years in a residential facility. On November 18, 1993, while multiple cases were pending, Defendant was charged and later convicted of fourth degree criminal mischief. In 1994, while on probation, Defendant was charged and later convicted of obedience to peace officers.

In 1995 Defendant was charged in ten separate cases with possession of a controlled substance (three times), possession of drug paraphernalia (twice), trespass (twice), intent to cause pain or injury, carrying weapons, theft, and being a fugitive on an out of state warrant. Defendant was on probation when all of these charges occurred. Defendant also failed to appear for court proceedings on multiple occasions. In April 1996, Defendant was sentenced in both the first controlled substance violation charge and intent to cause pain and second trespass charges. On the controlled substance violation charge, Defendant was sentenced to 10 years in prison. On the intent to cause pain and trespass charges Defendant was sentenced to 2 years in prison.

On April 2, 2001, Defendant was charged with possession of a controlled substance, third or subsequent offense. That charge was later dismissed. On April 9, 2001, while the controlled substance charge was pending, Defendant was charged and later convicted of second degree theft. He given a 5 year suspended prison sentence and 2 years probation. In 2003, he was found in contempt and given 2 years probation. In 2004, he was found in violation of his probation and sentenced to 5 years in prison. He was paroled on March 23, 2007, but on April 5, 2007, his parole was revoked. His sentence was discharged in May 2010.

On May 24, 2002, while on probation, Defendant charged and later convicted of going armed with a knife. On May 28, 2002, while on probation, Defendant was charged and later convicted of possession of drug paraphernalia. On August 2, 2002, while on

3

probation, Defendant was again charged with possession of drug paraphernalia. That charge was later dismissed.

On April 9, 2003, while on probation, Defendant was charged and later convicted of possession of a controlled substance and interference with official acts causing bodily injury. He was given a 5 year suspended prison sentence and 5 years probation. In 2004, he was found in violation of his probation and sentenced to 5 years in prison. He was paroled on March 23, 2007, but on April 5, 2007, his parole was revoked. His sentence was discharged in May 2010. On the same date, Defendant was also charged in a separate case with possession of drug paraphernalia. That case, however, was dismissed.

On March 24, 2004, while on probation, Defendant was charged with domestic abuse assault and false imprisonment. Ultimately, that case was dismissed. On April 14, 2004, while on probation, Defendant was charged and later convicted in two separate cases with trespass and interference with official acts, and violation of a no contact order.

On December 10, 2006, Defendant was charged with reckless driving, leaving the scene of an accident, striking fixtures, and striking an unattended vehicle. That case was dismissed. On the same date, Defendant was charged and later convicted of second degree criminal mischief, OWI, and five counts of assault. On the criminal mischief charge, Defendant was sentenced to 5 years in prison. His sentence was discharged in May 2010.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves

an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of

residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. In September 2011, a search warrant was executed at Defendant's residence, and Defendant admitted selling

methamphetamine in the Mason City area. In October 2012, a second search warrant was executed at Defendant's residence. Law enforcement found methamphetamine, and Defendant again admitted his involvement in the distribution of methamphetamine in the Mason City area. Also, in October 2012, Defendant was involved in a controlled drug transaction. A CI met with an individual to purchase methamphetamine. The seller told the CI that he had to wait for his supplier, Defendant arrived and provided the seller with methamphetamine, which in turn, the seller sold to the CI. Additionally, Deputy Hodak testified that multiple people who were stopped after leaving Defendant's residence were found to be in possession of methamphetamine.

As a general proposition, the distribution of drugs constitutes a general danger to the community. Defendant has a history of committing additional offenses while on pretrial release and probation. He has failed to appear for court proceedings on numerous occasions. Based on the serious nature of the offense, all of the facts and circumstances, and the rebuttable presumption, the Court finds that there is no condition or combination of conditions that will reasonably assure the safety of the community or Defendant's appearance for court proceedings. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 1, 2013) to the filing of this Ruling (February 7, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 7th day of February, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA